IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| E. PATRICIA LONG, | § | |
| | § | |
| Appellant, | § | |
| | § | CIVIL ACTION NO. 3:06-CV-0063-P |
| v. | § | (Bank Ct. No. 03-82777-rcm-304) |
| | § | |
| BJØRN KØHLER THOMMESSON, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Appellant E. Patricia Long's appeal from a November 1, 2005, Order of the United States Bankruptcy Court for the Northern District of Texas. Appellant timely filed her appeal on February 14, 2006,[1] and filed an amended brief on March 3, 2006.[2] Appellee Bjørn Køhler Thommesson filed a brief in response on March 9, 2006, and Appellant submitted a brief in reply on March 27, 2006. After considering the parties' arguments and briefing, and the applicable law, the Court AFFIRMS the Order of the Bankruptcy Court.

**I.     Background and Procedural History**

The case underlying this appeal is an ancillary bankruptcy case filed December 11, 2003, in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy

---

[1] Appellant filed an unopposed motion to extend time for filing an appellant brief on January 31, 2006. Such motion is hereby GRANTED.

[2] The amended brief made no substantive changes to the original brief, it merely corrected the name of an addressee on a letter.

Court"). The action was filed pursuant to 11 U.S.C. § 304[3] in connection with a pending bankruptcy proceeding in Grimstad, Norway, in which Thor Kristen Tjøntveit ("Tjøntveit") is named as debtor. Appellee Bjørn Køhler Thommesson ("Thommesson") is the duly appointed trustee for the bankruptcy estate in Norway. On January 23, 2004, Thommesson filed a Motion to Authorize Discovery Pursuant to 11 U.S.C. § 304(b)(3) (hereinafter the "Discovery Motion") with the Bankruptcy Court in order to conduct discovery relevant to the Norwegian bankruptcy case here in Texas. On January 30, 2004, a hearing was held and the Discovery Motion was granted.

On September 1, 2005, Appellant E. Patricia Long ("Long"), proceeding *pro se*, filed a Motion for Sanctions pursuant to Rule 9011 of the Federal Bankruptcy Rules of Procedure ("Rule 9011") against Thommesson based on certain allegations made in the Discovery Motion. In paragraph eight, Thommesson states that "Tjøntveit and a business associate, E. Patricia Long . . . are under criminal investigation in Norway for alleged tax fraud relating to Tjøntveit's and/or Long's receipt of value added tax rebates in the approximate sum of $12 million (U.S.)." (Plaintiff/Appellant's Amended Designation of Record on Appeal (hereinafter "R.") at 17.) Long claims that such allegations were particularly damaging to her business reputation and personal integrity. In her Motion for Sanctions, Long asserts that the "factual assertions about her are false and that at no time has she been under criminal investigation of any kind in Norway." (R. at 104.) In support of such Motion, Long submitted an August 26, 2005, letter from Petter Nordeng, the Chief Public Prosecutor

---

[3] Section 304 was repealed by the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. No. 109-8, § 802(d)(3) (2005), but it continues to apply to cases commenced prior to the October 17, 2005, effective date. *See, e.g.*, *In re Petition of Wuthrich*, 337 B.R. 262, 266 n.3 (Bankr. S.D.N.Y. 2006).

of ØKOKRIM, the Norwegian National Authority for Investigation and Prosecution of Economic and Environmental Crime. In pertinent part, the letter states that "[t]here is no indication that Patricia Long has been indicted or charged with anything. The investigation has not been focused on her, and she is only a witness in this case. Therefore, there are no ground [sic] to indict her at all." (R. at 112.)[4] Long sought sanctions to defend her reputation from the purportedly baseless attacks.

Less than two weeks later, Thommesson threatened to seek sanctions if Long did not withdraw her motion. By letter dated September 14, 2005, counsel for Thommesson informed Long that her Motion for Sanctions was unfounded, contained false allegations, and failed to abide by the procedural requirements set forth in Rule 9011(c)(1). Attached to such correspondence was, *inter alia*, a September 8, 2005, letter from Mr. Nordeng in which he clarified his earlier statements. Mr. Nordeng stated that "Long had been 'under investigation' since the autumn of 2002 in the sense that her position had to be further clarified against the background of her formal position at Hesthagen Farm Equipment AS[5] . . . The investigation cannot, however - as described in the letter of 26th August 2005 - be considered as 'being aimed' at her." (Appellee's Br. at 6.) Thommesson also provided an October 14, 2002, press release issued by ØKOKRIM that states it will "launch an investigation into an American businesswoman who is suspected of complicity in the loan fraud [with Tjøntveit]." (R. at 12.)

---

[4] Thommesson asserts that this translation of Mr. Nordeng's letter is inaccurate, and posits that a more precise translation would read as follows: "Long has not been a suspect, nor has she been charged in this case. The investigation has not been aimed at her, and she will be regarded as a witness in the case. Therefore there are no grounds for making a decision to prosecute her, either." (R. at 270.) However, any distinction between the two translations is immaterial for the purposes of this Order.

[5] In the Discovery Motion, Thommesson asserted that Tjøntveit and Long received fraudulent tax rebates in connection with business transactions involving Hesthagen Farm Equipment AS. (Appellee's Br. at 3.)

Thommesson believed that such press release referred to Long. In addition, Thommesson cited to a letter sent to Long's counsel in January of 2005 in which Thommesson stated that he and another bankruptcy trustee in Norway were conducting a criminal investigation of Long in connection with several related bankruptcy cases. Because of such evidence, Thommesson believed he was justified in alleging that Long was "under criminal investigation" and Long's Motion for Sanctions was frivolous.

After Long refused to withdraw her Motion, Thommesson filed a response to Long's Motion for Sanctions and requested Rule 9011 sanctions against her. The Bankruptcy Court held a hearing on the cross-motions on October 26, 2005, and at the conclusion of the hearing denied Long's motion. The court, however, granted Thommesson's motion and on November 1, 2005, the Bankruptcy Court entered an order imposing sanctions against Long in the amount of $14,000. Long timely appealed such order; thus, the issue before the Court is whether the Bankruptcy Court abused its discretion in imposing Rule 9011 sanctions against Long.

## II.   Standard of Review

The Bankruptcy Court's imposition of sanctions under Rule 9011 is reviewed for an abuse of discretion. *In re First City Bancorporation of Texas, Inc.*, 282 F.3d 864, 867 (5th Cir. 2002).[6] "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*; *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995). A bankruptcy court's findings of fact are reviewed under the clearly

---

[6] As this court functions as an appellate court when reviewing a bankruptcy court's decision, the same standards of review generally applied in federal courts of appeal apply to this court. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992).

erroneous standard and issues of law are subject to *de novo* review. *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003); *Matter of Christopher*, 28 F.3d 512, 514 (5th Cir. 1994). A bankruptcy court's factual findings must be upheld unless, considering all the evidence, this court forms "a definite and firm conviction that a mistake has been made." *In re Coppola*, 419 F.3d 323, 326 (5th Cir. 2005).

### III.    The Bankruptcy Court's Ruling

In accordance with Rule 9011(c)(3), the Honorable Robert C. McGuire made his findings from the bench after a hearing on the competing motions for sanctions. In his ruling, Judge McGuire found that Long "incorrectly seized on one paragraph in a pleading to recklessly [and] willfully multipl[y] litigation." (R. at 364.) As such, Long's Motion for Sanctions was denied and Thommesson's request for sanctions was granted.

The Bankruptcy Court first found that Long filed a motion for sanctions without following the proper procedures mandated by Rule 9011(c)(1)(a). The Rule requires that any motion for sanctions first be served upon the opposing party or its counsel so that the challenged statement may be withdrawn or appropriately corrected. Fed. R. Bankr. P. 9011(c)(1)(a). Long neglected to serve Thommesson or his counsel with her motion for sanctions before filing it with the court.

The court further found that the challenged allegation in Thommesson's Discovery Motion was true as stated. (R. at 365.) As the basis of Long's Motion for Sanctions was the veracity of such statement, her motion lacked a sufficient factual basis. The disputed allegation in the Discovery Motion stated that Long was "under criminal investigation in Norway for

alleged tax fraud." (*Id.* at 17.) The Bankruptcy Court held that, before the Motion for Sanctions was filed, Long knew, or had reason to know, that Thommesson and another bankruptcy trustee were investigating Tjøntveit and certain Norwegian companies. Because of her business relationship with Tjøntveit and her position in such companies (she was apparently an officer), Long knew she was under investigation for criminal and civil tax fraud. (*Id.* at 365.) Furthermore, Long "had reason to know about this criminal investigation through press releases from ØKOKRIM." (*Id.*)

In addition, Judge McGuire found that the sanction motion "[was] not an isolated event," rather, it was part of "a pattern of activity." (*Id.* at 368.) The Bankruptcy Court noted that Long had filed grievances with the State Bar of Texas against Thommesson's local counsel, filed two lawsuits with questionable subject matter jurisdiction, and filed a second suit in federal court against another bankruptcy trustee. (*Id.*) Such actions caused Thommesson and his counsel to incur considerable legal expenses. The fact that Long had engaged in similar conduct in three other cases, and refused to withdraw her Motion for Sanctions when given the chance, led the court to believe sanctions against her were appropriate to deter such litigation abuse.

## IV.   Analysis

After review, the Court finds that the Bankruptcy Court's ruling was not premised upon an erroneous view of the law or clearly erroneous assessment of the evidence. Rule 9011 provides, in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

> circumstances,-
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). In imposing sanctions against Long, Judge McGuire found that Rule 9011(b) was violated because the Motion for Sanctions was filed for an improper purpose and the factual contentions in the Motion for Sanctions lacked evidentiary support. Both of these conclusions were proper inquiries under relevant law and sufficiently supported by the evidence.

In particular, the Bankruptcy Court noted that Long was pursuing several other lawsuits against Thommesson, his local counsel, and his fellow bankruptcy trustee from Norway. (R. at 368.) This factual finding was based on affidavits and motions filed by Thommesson (*See, e.g.*, R. at 133, 142.), and was easily gleaned from internal records of the court. Courts have repeatedly held that sanctions may be appropriate when *pro se* litigants are shown to have a history of submitting frivolous claims. *Gaines v. Dretke*, No. 3:04-CV-1185-D, 2005 WL 1540192, at * (N.D. Tex. June 30, 2005); *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). The evidence of prior frivolous filings was sufficient for the Bankruptcy Court to infer that the Motion for Sanctions was improperly filed for the purpose of needlessly increasing the cost of litigation and warranted the imposition of sanctions. While not expressly mentioned in the Bankruptcy Court's holding, the fact that Long's Motion for Sanctions was filed nineteen

months after the allegedly false statement was made supports the inference that such motion was filed for an improper purpose. A party may not "remain idle" after his opponent has filed a paper with the court in violation of Rule 9011, but must promptly give notice to the court and offending party upon discovering a basis for doing so. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988); *see also Stevens v. Lawyers Mutual Liability Ins. Co.*, 789 F.2d 1056, 1061 (4th Cir. 1986) (holding that a motion for sanctions filed eight months after the filing that allegedly violated Rule 11 was improperly filed for retaliatory reasons).

But even if the Motion for Sanctions was not filed for an improper purpose, Rule 9011 sanctions are still appropriate when a filing is not grounded in evidentiary support. Fed. R. Bankr. P. 9011(b)(3); *In re General Homes Corp.*, 181 B.R. 870, 881 (Bankr. S.D. Tex. 1994). The Bankruptcy Court found that Long's assertion that she was never under criminal investigation was not supported by the evidence. Nothing in the record suggests that the Bankruptcy Court clearly erred in this factual finding. In a letter written January 17, 2005, counsel for Thommesson clearly informed Long's attorney that Long was under criminal investigation by Thommesson and another Norwegian bankruptcy trustee. In pertinent part, the letter states:

> As chairman and part owner of Hesthagen Farm Equipment AS and Highland Forest Entrepreneur AS, Ms. Long is responsible under Norwegian law for certain actions of the companies. Furthermore, she allegedly had the farm Hesthagen Gärd transferred to her, and she has business and personal connections to Mr. Tjøntveit. Thus, the liquidators of all three bankruptcy estates have investigated whether Ms. Long may be criminally and civilly liable for fraud (including tax fraud) based upon her activities with these three companies/enterprises and her involvement with Mr. Tjøntveit.

(R. at 273.) Earlier in the same letter, counsel informed Long that "Tjøntveit has been indicted in

Norway for tax fraud." (*Id.*) Based on her involvement with Tjøntveit alone, Long had reason to know that she might be subject to criminal investigation. Even if Long were to argue that she was not made aware of this letter in January when it was sent, she was unequivocally made aware of it after she filed her Motion for Sanctions and was given the opportunity to dismiss her motion. (*Id.* at 268.)

Long argues that bankruptcy trustees in Norway do not have the authority to conduct criminal investigations, thus the January 2005 letter does not validly prove she was under criminal investigation. But the Bankruptcy Court did not premise its findings solely in reliance on such letter; the court further found that Long had reason to know about the criminal investigation through a 2002 press release from ØKOKRIM. (R. at 365.) The press release states that "ØKOKRIM will launch an investigation into an American businesswoman who is suspected of complicity in the loan fraud." (*Id.* at 215.)[7] ØKOKRIM publicly stated that it was widening its investigation of Tjøntveit in connection with complaints received about business dealings of Hesthagen Farm Equipment AS and Highland Forest Entrepreneur AS. Because of Long's personal involvement with Tjøntveit and these enterprises, it could logically be inferred that Long was aware of the mounting investigations that were bound to include her.

The only evidence affirmatively submitted in support of Long's Motion for Sanctions is an August 26, 2005, letter from Petter Nordeng of ØKOKRIM in which he states "[t]here is no indication that Patricia Long has been indicted or charged with anything. The investigation has not been focused on her, and she is only a witness in this case. Therefore, there are no ground

---

[7] In hearings before the Bankruptcy Court, Long did not expressly deny that she was the "American businesswoman" referred to in the press release. (R. at 290.)

[sic] to indict her at all." (R. at 112.)[8] This statement does not conclusively state that Long was never under criminal investigation; in fact, it implies that she was at least tangentially involved in an investigation by ØKOKRIM. This implication was confirmed by Mr. Nordeng in a September 8, 2005, letter in which he clarified his earlier letter by stating "Long had been 'under investigation' since the autumn of 2002 in the sense that her position had to be further clarified against the background of her formal position at Hesthagen Farm Equipment AS . . . The investigation cannot, however - as described in the letter of 26th August 2005 - be considered as 'being aimed' at her." (R. at 272.) While Mr. Nordeng's statements indicate that Long was not the ultimate target of the criminal investigations, they do not refute Thommesson's allegation in the Discovery Motion that Long was "under criminal investigation in Norway for alleged tax fraud." To the contrary, Mr. Nordeng's letters prove that Long was indeed "under investigation."

Based on the evidence as a whole, the Bankruptcy Court found that Long knew the factual contentions in her Motion for Sanctions lacked evidentiary support. The Court holds that this assessment of the evidence is not clearly in error.

     Furthermore, Judge McGuire properly applied the correct legal standards in regards to a *pro se* litigant. Long argues that her filing is subject to a more lenient standard of reasonableness based on her *pro se* status. However, Rule 9011 "clearly applies to pro se litigants . . . and subjects them to the same standards as an attorney." *In re Schaefer*, 154 B.R. 227, 231 (Bankr. S.D. Tex. 1994); *see also Bus. Guides v. Chromatic Commc'ns. Ent., Inc.*, 498 U.S. 533, 548

---

[8] *See supra* n.4.

(1991) (interpreting Fed. R. Civ. P. 11, a rule substantially similar to Rule 9011). The plain language requires that any filing "by an attorney or unrepresented party" must meet the standards set forth in Rule 9011(b); no distinction is made between the standards applied. Long also argues that the Motion for Sanctions was made in good faith. But good faith is no longer enough to protect a litigant from sanctions. *Childs v. State Farm Mut. Auto Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994). Furthermore, the mere fact that Long's filings are *pro se* does not shield her from sanctions, "for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Long had an obligation to only present the Bankruptcy Court with filings that met the standards of Rule 9011(b). The Bankruptcy Court did not abuse its discretion in finding that Long failed to meet this standard.

## V.     Conclusion

In sum, the Court finds that the Bankruptcy Court did not abuse its discretion in granting Thommesson's request and imposing sanctions against Long. As such, the Court hereby AFFIRMS the Order of the Bankruptcy Court.

**It is so ordered.**

Signed this 5th day of May 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE